

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMY COCHRAN, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | |
| | } | **CASE NO. 2:10-cv-3522-SLB** |
| FIVE POINTS TEMPORARIES, | } | |
| LLC; DAVID MCNEIL; TRACY | } | |
| MCNEIL, | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is currently before the court on plaintiff Amy Cochran's ("Cochran") Rule

59(e) Motion to Alter or Amend Judgment.  (Doc. 74.)[1]  The Motion requests that the court

either reinstate Cochran's Count I Title VII[2] and 42 U.S.C. § 1981 claims or certify the Order

dismissing Count I, (doc. 73), as final under Rule 54(b).  Upon consideration of the record,

the submissions of the parties, and the relevant law, the court is of the opinion that Cochran's

Motion to Alter or Amend Judgment, (doc. 74), is due to be denied as to both requests.

## I.  MOTION TO ALTER OR AMEND

A Rule 59(e) motion allows parties the chance to, within 28 days, convince the

district court to alter or amend a final judgment.  *See* Fed. R. Civ. P. 59(e) ("A motion to

---

[1]   Reference to a document number, ("Doc. ___"), refers to the number assigned to each
document as it is filed in the court's record.

[2]   Title VII is codified in 42 U.S.C. § 2000e et seq.

alter or amend a judgment must be filed no later than 28 days after the entry of the

judgment.").  However, the standard that must be met is a high one: "The only grounds

for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law

or fact."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg,*

197 F.3d 1116, 1119 (11th Cir. 1999)); *see also Evans v. Books-A-Million*, CV-07-S-

2172-S, 2012 WL 5954118, *1 (N.D. Ala. Nov. 28, 2012) ("Rule 59(e) is silent regarding

the substantive grounds for a motion to alter or amend.  Even so, courts have identified

three circumstances that may justify granting such motions: (1) an intervening change in

controlling law; (2) newly available evidence; and (3) the need to correct clear errors of

law or fact.").

In other words, a "Rule 59(e) motion [cannot be used] to relitigate old matters, raise

argument or present evidence that could have been raised prior to the entry of judgment."

*Arthur*, 500 F.3d at 1343 (alteration in original) (quoting *Michael Linet, Inc. v. Vill. of*

*Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)); *see also O'Neal v. Kennamer*, 958

F.2d 1044, 1047 (11th Cir. 1992) ("Motions to amend should not be used to raise arguments

which could, and should, have been made before the judgment was issued.").  Moreover, this

high standard means that a party's disagreement with the court's decision, absent a showing

of manifest error, is not reason enough to grant a motion to alter or amend a judgment.  *See*

*Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Having read [the]

motion, we conclude that it did nothing but ask the district court to reexamine an unfavorable

ruling."). Ultimately, these strict rules are in place because "[r]econsideration of a previous order is an *extraordinary* remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sonnier v. Computer Programs & Sys., Inc.*, 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001) (alteration in original) (citations omitted).

In her Motion, Cochran makes six arguments, all of which focus on errors that she contends the court made in its Opinion dismissing Count I of her Amended Complaint. (*See* doc. 74 at 2, 8, 9, 11, 16, 17.) The court need not specifically address each of these. Though the court carefully considered all of the arguments made in the Motion, all six ultimately fail because of the high burden a losing party must meet in a motion under Rule 59(e): "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or *manifest errors of law or fact*." *Arthur*, 500 F.3d at 1343 (emphasis added).[3] Despite her disagreements with the Opinion, Cochran has not identified any manifest error of law or fact. Essentially, Cochran's arguments are all attempts at asking the court to reexamine its ruling as to Count I, but "[r]econsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs*, 626 F.3d at 1344; *see also Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) ("A motion for reconsideration is not an opportunity for the moving party and their [sic] counsel to instruct the court on how the court 'could have done it better' the first time."). Therefore, in light of the high burden that a party filing a Rule 59(e) Motion must meet, the

---

[3] The court remains of the opinion that the decision and Order dismissing Cochran's Title VII and § 1983 claims were correct.

court finds that Cochran has failed to show that there has been an intervening change in controlling law, newly available evidence, or a clear error of law or fact, *see Evans*, 2012 WL 5954118, at \*1, and her Motion to Alter or Amend Judgment will be denied.

## II.  RULE 54(b) CERTIFICATION

In the alternative, Cochran asks the court to certify the Order dismissing Count I as final a judgment pursuant to Rule 54(b).  (Doc. 74 at 1, 17-18.)  Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  Under this Rule, "[a] district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified . . . .  First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'"  *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).  This means that "the court's decision must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a 'judgment' in the sense that it is a decision upon a cognizable claim for relief."  *Id.* (quoting *Curtiss–Wright Corp.*, 446 U.S. at 7 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956))) (internal quotation

marks omitted).  Second, "having found that the decision was a final judgment, the district court must then determine that there is no 'just reason for delay' in certifying it as final and immediately appealable."  *Id.* (citing *Curtiss–Wright Corp.*, 446 U.S. at 8).  The two-step analysis is necessary "because not all final judgments on individual claims should be immediately appealable.  The district court must act as a dispatcher and exercise its discretion in certifying partial judgments in consideration of judicial administrative interests—including the historic federal policy against piecemeal appeals—and the equities involved."  *Id.* at 777–78 (quoting *Curtiss–Wright Corp.,* 446 U.S. at 8 (quoting *Sears, Roebuck*, 351 U.S. at 438)) (internal quotation marks and citations omitted).

> The Eleventh Circuit has further reasoned:
>
> The federal concept of sound judicial administration and efficiency will not normally be furthered by having piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case.  This is particularly true given that the caseload of the federal courts of appeals has grown faster than that of any other component of the federal judiciary.  Affording Rule 54(b) a liberal construction would only exacerbate the difficulties associated with our burgeoning caseload by promoting multiple appeals in a single case.

*Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 167 (11th Cir. 1997) (internal quotation marks and citations omitted).  Therefore, "Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."  *Id.* at 166

(quoting *Morrison–Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

In her Motion to Alter or Amend, Cochran requests that the court "certify the Order dismissing [Count I] as final pursuant to Rule 54(b)." (Doc. 74 at 1; *see also* doc. 74 at 17-18.) However, she does not explain why the court should do so, other than to contend that "[s]uch certification would be consistent, if not required by, the [c]ourt's duty in a Title VII case 'to cause the case to be in every way expedited.'" (Doc. 74 at 17-18 (quoting 42 U.S.C. § 2000e-5(f)(5).) However, this is not enough to show a "pressing need," *see Ebrahimi*, 114 F.3d at 166, for a final judgment on less than all claims sufficient to overcome the "historic federal policy against piecemeal appeals," *Lloyd Noland Found., Inc.*, 483 F.3d at 78. Therefore, Cochran's request for 54(b) certification, (*see* doc. 74 at 1, 17-18), will be denied.

### III. CONCLUSION

For the foregoing reasons, the court is of the opinion that Cochran's Rule 59(e) Motion to Alter or Amend Judgment, (doc. 74), is due to be denied. An order will be entered contemporaneously with this Opinion.

**DONE**, this 4th day of March, 2013.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE